**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DON MAGYAR,

    Plaintiff,

v.                                   Case No: 8:08-cv-1181-T-30MSS

THE DAVEY TREE EXPERT COMPANY,
a foreign corporation,

    Defendant.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, DON MAGYAR, hereby files his memorandum in opposition to Defendant's Motion for Summary Judgment and states as follows:

**Introduction**

Plaintiff filed the instant lawsuit on June 18, 2008 to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA"). Plaintiff contends that during the time period he was employed as a general foreman (January 2006 through May 2008), Defendant failed to pay him overtime compensation as required by 29 U.S.C. § 207(a)(1).

Defendant contends that Plaintiff was exempt from the overtime provisions of the FLSA pursuant to the "executive" exemption set forth in 29 U.S.C. § 213(a)(1). Plaintiff maintains that Defendant's exemption defense fails because Plaintiff was not paid on a "salary basis" as required by the FLSA and its attendant regulations. Because a genuine

issue of material fact exists concerning the manner in which Plaintiff was compensated as a general foreman, Defendant's Motion for Summary Judgment should be denied.

**Statement of Material Facts Which Preclude Summary Judgment**

*Undisputed Facts Concerning Plaintiff's Compensation as a General Foreman*

1. Plaintiff's rate of pay from approximately January 2006 to February 2007 was $17.55 an hour. (Hassell Depo. at 34; Magyar Dec. at ¶ 11; Brooks Depo. Ex. 4 and 9)

2. Plaintiff's rate of pay from approximately March 2007 to February 2008 was $17.99 an hour. (Magyar Dec. at ¶ 11; Brooks Depo. Ex. 4)

3. Plaintiff's rate of pay from approximately March 2008 to May 18, 2008 was $ 18.51. (Magyar Dec. at ¶ 11; Brooks Depo. Ex. 4)

4. Plaintiff's rate of pay beginning on May 19, 2008 was $17.42 an hour on May 19, 2008. (Magyar Dec. at ¶ 11; Magyar Dec. at ¶ 11; Brooks Depo. Ex. 4, 8 and 10)

5. Plaintiff was required to submit a timesheet on a weekly basis while he was employed as a general foreman. (Magyar Depo. at 59-60; Magyar Dec. at ¶ 7; Brooks Depo. at 49)

6. Plaintiff's weekly timesheet was used by Defendant to determine Plaintiff's payroll. (Brooks Depo. at 49)

7. Plaintiff was paid overtime compensation at a rate of time and a half his hourly rate every time he was permitted to report more than 40 hours on his timesheet. (Magyar Depo. at 38, 64; Brooks Depo. Ex. 4)

8. In the only workweek Plaintiff reported hat he worked less than 40 hours, Plaintiff was only paid the hours he reported on his timesheet. (Brooks Depo. Ex. 6 and 7)

9. Defendant has not produced any documents that specify that Plaintiff was going to be paid a predetermined salary while employed as a general foreman. (Hassell Depo. at 29)

10. Defendant does not have any employment policies that specify that general foremen are guaranteed to be paid 40 hours a week regardless of the number of hours they worked. (Brooks Depo. at 35)

11. Mr. Brooks instructed Plaintiff to only report that he worked 40 hours unless he the additional time could be billed to Defendant's customers. (Brooks Depo. at 36)

*Plaintiff's Testimony Related to Compensation as a General Foreman*

12. Plaintiff testified that Russell Brooks asked him if he wanted to be paid a salary or on an hourly basis when he was promoted to general foreman. (Magyar Depo. at 57, 58-59; Magyar Dec. at ¶ 4)

13. Plaintiff testified that Mr. Brooks recommended that Plaintiff choose to be paid on an hourly basis, because he would have to opportunity to be paid overtime compensation. (Magyar Depo. at 57, 58-59; Magyar Dec. at ¶ 4)

14. Plaintiff testified that he agreed to be paid by the hour as a general foreman. (Magyar Depo. at 57, 58-59; Magyar Dec. at ¶ 4)

15. Plaintiff denies that he was ever told that he was guaranteed to be paid at least 40 hours a week as a general foreman regardless of the number of hours he worked. (Magyar Depo. at 59; Magyar Dec. at ¶ 5)

16. Plaintiff contends that he was never told at any time prior to or during his employment as a general foreman that he was guaranteed a specific amount of compensation each week. (Magyar Dec. at ¶ 5)

17. Plaintiff understood that that he was compensated only on an hourly basis and that his compensation was determined solely by the number of hours her reported on his timesheets. (Magyar Dec. at ¶ 7)

18. Plaintiff understood that if he reported more than 40 hours his timesheet he would be paid overtime compensation for the additional hours. (Magyar Dec. at ¶ 7)

19. Plaintiff understood that if he reported less than 40 hours on his timesheet he would only be paid the number of hours listed on the timesheet, not 40 hours. (Magyar Dec. at ¶ 8)

20. Plaintiff was only permitted to report that he worked more than 40 hours when it was authorized by his superiors. (Magyar Dec. at ¶ 9)

21. Mr. Brooks never told Plaintiff that he would be paid at least 40 hours a week, regardless of the number of hours he worked. (Magyar Dec. at ¶ 5)

22. Mr. Brooks never told Plaintiff that he was guaranteed a specific amount of compensation for each week he worked as a general foreman. (Magyar Dec. at ¶ 5)

23. Plaintiff complained to Mr. Brooks about not being paid for all the hours he worked and asked Mr. Brooks if he could be placed on salary. (Magyar Dec. at ¶ 10)

Plaintiff claims that Mr. Brooks told him that there was no such thing as a salary for the general foreman position. (Magyar Dec. at ¶ 10)

*Marvin Hassell's Testimony Related to Plaintiff's Compensation as a General Forman*

24. Mr. Hassell admits that Plaintiff's compensation was based on an hourly rate. (Hassell Depo. at 30)

25. Mr. Hassell testified that he did not tell Plaintiff how he was going to be compensated as a general foreman. (Hassell Depo. at 24)

26. Mr. Hassell also testified that he never told Plaintiff what his "salary" was going to be as a general foreman. (Hassell Depo. at 24, 36)

27. Despite claiming Plaintiff was guaranteed to be paid a minimum of 40 hours a week, Mr. Hassell testified that Plaintiff's compensation was determined solely by the timesheets he submitted to Defendant. (Hassell Depo. at 28, 35)

28. Marvin Hassell testified that if Plaintiff reported that he worked 41 hours on his timesheet, Plaintiff would be paid 40 hours straight time and 1 hour at time and a half his hourly rate. (Hassell Depo. at 27-28)

29. Mr. Hassell admitted that if Plaintiff reported that he worked only 35 hours on his timesheet, "[h]e would only be paid 35" hours. (Hassell Depo. at 28-29)

30. Additionally, Mr. Hassell testified that Plaintiff would only be paid for the hours "he turned in." (Hassell Depo. at 29)

31. Ms. Hassell also testified that Plaintiff's compensation could fluctuate based on the number of hours he reported on his timesheet. (Hassell Depo. at 37)

32. Mr. Hassell testified that he never told Plaintiff that he was considered "exempt" from receiving overtime compensation. (Hassell Depo. at 35-36)

*Russell Brooks' Testimony Related to Plaintiff's Compensation*

33. Mr. Brooks claims that he told Plaintiff that his compensation as a general foreman would be based on 40 hours. (Brooks Depo. at 13)

34. Mr. Brooks never specifically told Plaintiff that he was guaranteed to be paid 40 hours each week. (Brooks Depo. at 14)

35. Mr. Brooks testified only that he advised Plaintiff that he would be paid "weekly" as a general foreman. (Brooks Depo. at 20-22)

36. Despite claiming that Plaintiff was guaranteed to be paid 40 hours a week, Mr. Brooks admits that Plaintiff would be paid less than 40 hours if he needed to take time off of work. (Brooks Depo. at 28)

37. Mr. Brooks admits that if Plaintiff submitted a timesheet specifying that he worked only 35 hours, Defendant would only pay him for 35 hours. (Brooks Depo. at 40)

38. Mr. Brooks testified that Defendant's payroll system does not automatically pay its general foremen 40 hours a week. (Brooks Depo. at 40)

39. Mr. Brooks testified that Plaintiff's compensation was based solely on the hours he reported on his timesheet. (Brooks Depo. at 40-41, 49)

40. Mr. Brooks testified that he advised Plaintiff of the rate of his pay by providing him the rate sheet contained in the customer contract. (Brooks Depo. at 23)

41. Mr. Brooks admits that the rate sheet only specified Plaintiff's compensation as an hourly rate. (Brooks Depo. at 32)

42. Mr. Brooks testified that there are no documents that specify that he was guaranteed to be paid 40 hours a week. (Brooks Depo. at 30-31, 39)

43. Mr. Brooks testified that he did not provide Plaintiff any document that specified what his weekly pay would be as a general foreman. (Brooks Depo. at 31)

44. Mr. Brooks also testified that he never told Plaintiff what his weekly pay was going to be. (Brooks Depo. at 31)

45. Mr. Brooks testified that when he reprimanded Plaintiff in May 2008 that he reduced his hourly rate to $17.22 an hour. (Brooks Depo. at 34, 37)

46. Mr. Brooks denies that Plaintiff requested him to be put on salary. (Brooks Depo. at 35)

**Memorandum of Law**

**I.     The FLSA and Executive Exemption.**

Section 207 of FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  An employer, however, does not have to pay overtime to any employee that is

"employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

Coverage under the FLSA is broadly construed in favor of the employee, and the overtime exemptions under the FLSA are to be construed narrowly and against the employer. *Avery v. City of Talladega*, 24 F.3d 1337, 1340 (11th Cir. 1994); *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960). The employer bears the heavy burden to prove that a particular exemption applies by "**clear and affirmative evidence**," and if the record is unclear as to one or more of the exemption's requirements, the employer will be held not to have satisfied its burden. *See Birdwell v. City of Gadsden,* 970 F.2d 802, 805 (11th Cir.1992); *see also Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 206 (1966). "A job title alone is insufficient to establish the exempt status of an employee." 29 C.F.R. § 541.2.

Defendant alleges that Plaintiff was exempt from receiving overtime compensation pursuant to the "executive" exemption. To establish this defense, Defendant must prove **each** of the following elements: (a) Plaintiff was compensated on a salary basis at a rate of not less than $455 per week; (b) Plaintiff's primary duty was management of the enterprise in which he was employed or of a customarily recognized department or subdivision thereof; (c) Plaintiff customarily and regularly directed the work of two or more other employees; and (d) Plaintiff had the authority to hire or fire other employees. 29 C.F.R. § 541.100. Plaintiff does not dispute that his duties as a general foreman meet the second, third and fourth elements of the exemption test.

Plaintiff, however, contends that Defendant cannot establish as a matter of law that Plaintiff was paid on a "salary basis."

## II.  Salary Basis Test.

An employee will be considered to be paid on a "salary basis" if the employee "regularly receives each pay period on a weekly, or less frequent basis, **a predetermined amount** constituting all or part of the employee's compensation." 29 C.F.R. § 541.602(a) (emphasis added). This predetermined amount, however, cannot be "**subject to reduction because of variations in the quality or quantity of the work performed**." *Id.* As such, "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." *Id.*

"If a pay system compensates employees who are claimed to be exempt on the basis of hourly wage rates computed from their actual hours worked each week, it is necessary to determine whether a salary guarantee is in effect and operational." Wage Hour Opinion Letter (July 9, 2003) 2003 WL 23374601. "Payment on an hourly basis without an operative salary guarantee does not qualify as a 'salary basis' of payment within the meaning of the regulations." *Id.*

The parties do not dispute that Plaintiff's compensation as a general foreman was based on an hourly rate. Thus, to prevail on its exemption defense, Defendant has the burden on proving that it guaranteed to pay Plaintiff at least 40 hours a week. The testimony of Plaintiff and Defendant's own witnesses, however, does not support this contention. Instead, the evidence, when viewed in a light most favorable to the Plaintiff, is sufficient for a jury to conclude that Plaintiff was paid on an hourly basis.

Plaintiff contends that at the time he was promoted to general foreman, his immediate supervisor, Russell Brooks, gave him the option of whether he wanted to be paid on an hourly or salary basis. Plaintiff maintains that Mr. Brooks told him that there was an advantage to being paid hourly, since he would be eligible for overtime compensation. Plaintiff chose to be paid hourly based on Mr. Brooks' suggestion, and was paid overtime compensation when he was permitted to report the overtime hours.[1]

Plaintiff testified that he never had any discussions with Defendant's management where he was specifically told that he would be paid a guaranteed amount each week. Plaintiff denies that he was told that he would be paid 40 hours each week, regardless of how many hours he worked. In fact, the only documentation that Plaintiff ever received related to his compensation was the wage rate documents that are attached to Defendant's contracts. It is undisputed that these documents list Plaintiff's compensation, as well as the compensation of all non-exempt employees, as an hourly rate and make no mention of the alleged "salary" guarantee.

Plaintiff's supervisors, on the other hand, testified that they both told Plaintiff that he was guaranteed to be paid for 40 hours each week. Despite these self-serving statements, both Russell Brooks and Marvin Hassell admitted during their depositions that Plaintiff's compensation was determined **solely** by the number of hours he reported on his weekly timesheets. Defendant's managers both admitted that Plaintiff's compensation would fluctuate based on the hours he reported. Further, both Mr. Hassell

---

[1] Plaintiff complained to his supervisor about having to work a significant amount of overtime hours off the clock. Plaintiff requested to be paid a salary, rather than on an hourly basis. Russell Brooks specifically told Plaintiff that there is "no such thing as a salary" for general foremen.

and Mr. Brooks conceded that Plaintiff would be paid less than the purported guarantee if he worked less than 40 hours in a week. From this testimony alone, a jury could reasonably conclude that Plaintiff's compensation was subject to reduction based on variations in the "quantity" of his work.

Defendant's witnesses also confirmed that Defendant does not have any employment policies reflecting the alleged salary guarantee for the general foremen position. Russell Brooks also acknowledged that Defendant's payroll system does not does not automatically pay the general foremen 40 hours for each week they work. Also, Defendant's managers testified that they are not aware of any documents that show Plaintiff's purported "salary."

In its motion for summary judgment, Defendant contends that Plaintiff "understood" that he was guaranteed to be paid 40 hours a week, because he was permitted to occasionally take care of personal errands during the work day. Plaintiff, however, specifically denies having such an understanding and believes that his compensation was based on the number of hours he reported, not some alleged guaranteed amount. Despite handling personal matters on a couple of occasions, Plaintiff never worked less than forty hours during such unidentified workweeks. Indeed, it is undisputed that Plaintiff only worked less than 40 hours during one week he was employed as a general foreman.

Defendant's payroll records also suggest that Plaintiff was paid as if he was a non-exempt hourly employee. These documents show that if Plaintiff reported that he worked 40 hours, Plaintiff was paid for 40 hours. Also, if Plaintiff reported that he

11

worked over 40 hours, the payroll records show that he was paid overtime compensation at time and a half his hourly rate of pay, just like all other hourly employees. During the one week Plaintiff worked less than 40 hours, the payroll records show that Plaintiff was paid only the number of hours he reported on his timesheet. While Defendant suggests this was a permissible deduction under the FLSA, a jury could reasonably conclude that it is simply consistent with the managers' testimony that Plaintiff was paid based on the number of hours he reported.

In *Rodgers v. Basin School District No. 72*, 2006 WL 335453 (D.Idaho 2006),[2] the court addressed a situation quite similar to the facts this case. In *Rodgers*, the plaintiff was a former supervisor for the defendant school board and brought suit for unpaid overtime compensation. The plaintiff worked more than 40 hours a week during most weeks he was employed and was never paid less than 40 hours a week. The employer, like Defendant here, alleged that because the plaintiff was paid at least 40 hours a week, it satisfied its burden of establishing the salary basis test of the executive exemption. The court disagreed and held that the plaintiff was an hourly employee. *Id.* at *4. The court based its decision primarily on the fact that all of the employer's documents showed that the plaintiff was to be paid an hourly rate. The court did not find

---

[2] The cases cited by Defendant are readily distinguishable from the facts presented in this matter. *See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 (6th Cir. 1997) (the parties' collective bargaining agreement specifically guaranteed the plaintiff would be paid forty hours of pay each week; no similar contractual guarantee exists in this case); *Nairne v. Manzo*, 1986 WL 12934 (E.D.Pa. 1986) (the employer and employee had specific agreement that the employee would be paid for 32 hours each week, regardless of the number of hours she worked); *Acs v. The Detroit Edison Co.*, 444 F.3d 763 (6th Cir. 2006) (employer's payroll policy specifically provided that the employees would be paid 1/26 their annual salary for each bi-weekly payroll period).

that the employer agreed to pay the plaintiff a "predetermined" amount each week. Also, the employer's policies specifically referenced that the employee was entitled to overtime compensation and/or compensatory time. Based on those facts, the court in *Rodgers* denied the employer's motion for summary judgment for failing to satisfy the salary basis test. *Id.* at *5; *See also Martin v. W.E. Monks & Company*, 805 F. Supp. 500, 505 (S.D. Ohio 1992), *aff'd* 1 F.3d 1241 (6th Cir. 1993) (otherwise exempt "professionals" did not meet salary basis test where evidence indicated that employees' compensation was tied to the amount of hours worked; employees not "guaranteed" predetermined amount).

In this case, Defendant has similarly failed to establish that Plaintiff was paid on a salary basis. Defendant has not satisfied its burden of proving that Plaintiff was paid a "predetermined amount [each week] . . . , which amount [was] not subject to reduction because of variations in the quality or quantity of the work performed." *See* 29 C.F.R. § 541.602(a). On the contrary, when viewing the evidence in the light most favorable to Plaintiff, including the testimony of Defendant's own witnesses, a jury could reasonably find that Plaintiff was paid on an hourly, not salary, basis. Specifically, Plaintiff has presented sufficient evidence for the jury to find that he was not guaranteed to be paid at least 40 hours each week; that his compensation would and could fluctuate based on number of the hours he worked; that he was for all intents and purposes was treated as an hourly employee, including receiving overtime compensation. As such, Plaintiff submits that Defendant's motion for summary judgment should properly be denied.

### III.   Conclusion.

Based on the forgoing, Defendant has failed to establish that Plaintiff was exempt pursuant to the "executive" exemption. A genuine issue of material facts exists regarding whether Plaintiff was paid on a "salary basis." Accordingly, Plaintiff respectfully requests the Court to deny Defendant's motion for summary judgment and permit this matter to proceed to trial in accordance with the Court's Case Management and Scheduling Order.

Respectfully submitted,

        SHANKMAN, LEONE & WESTERMAN, P.A.

        /s/ Matthew D. Westerman
        Matthew D. Westerman
        Florida Bar No. 0175404
        mwesterman@slw-law.com
        609 E. Jackson Street, Suite 100
        Tampa, Florida  33602
        Phone:  (813) 223-1099
        Fax:  (813) 223-1055
        Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 24, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Carl H. Gluek, Esq., Frantz Ward LLP, 2500 Key Center, 127 Public Square, Cleveland, Ohio 44114 and Richard L Bradford, Esq., Bradford & Bradford, P.A., 150 East Bloomingdale Avenue, Suite 126, Brandon, Florida 33511.

                                                s/ Matthew D. Westerman
                                                Attorney