UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DON MAGYAR,

    Plaintiff,

v.                                        Case No.  8:08-cv-1181-T-30MAP

THE DAVEY TREE EXPERT
COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant The Davey Tree Expert Company's ("Davey Tree") Motion for Summary Judgment (Dkt. 27), Plaintiff Don Magyar's Memorandum in Opposition to the Motion (Dkt. 31), Plaintiff's Reply (Dkt. 40), and Defendant's Sur-Reply (Dkt. 43).  The Court, having considered the motion, response, and replies, finds that the motion should be denied.

### Background

Davey Tree provides landscaping and lawn care services for residential, commercial, and utility customers across North America.  Among the multiple divisions in the company, is the utility division, which focuses on utility contracts.  Generally, Davey Tree bills its utility customers based on the number of hours its employees work for the particular customer.  On each contract, Davey Tree includes an hourly billing rate for every

classification of employee. All employees are required to record the number of hours worked on a time sheet.

Magyar began his employment with Davey Tree in May 2001 as a tree trimmer. As a tree trimmer, Magyar was paid by the hour. In about July of 2001, Magyar was promoted to foreman on the Withlacoochee utility contract. As foreman, Magyar continued to be paid by the hour.

In January of 2006, Magyar was promoted to general foreman/supervisor. In this position, Magyar was responsible for overseeing the daily operations of the Withlacoochee contract. Magyar managed the crews and supervised eleven foremen. He was also responsible for interviewing, hiring, firing, and disciplining the foremen and their crew members. In May 2008, Magyar was demoted due to poor performance. In about August 2008, Magyar ended his professional relationship with Davey Tree without any notice.

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action

will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Chelates, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

### Discussion

Magyar brings this action against Davey Tree to recover unpaid overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et

seq. ("FLSA") and to collect unpaid wages under Florida state law. Magyar asserts that he often worked over 40 hours per week but was not permitted to report those overtime hours on his time sheets. Davey Tree asserts that Magyar is exempt from the overtime provisions of the FLSA because he satisfies the executive exemption.

The FLSA requires that, subject to certain exemptions, employers pay employees time and one half for hours worked beyond 40 hours in a week. 29 U.S.C. §207(a)(1). Among the available exemptions is the "executive" exemption. 29 U.S.C. §213(a)(1). An executive employee is defined as an employee (1) who is "compensated on a salary basis at a rate of not less than $455 per week," (2) "whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, (3) who customarily and regularly directs the work of two or more employees, [and] (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. §541.100(a). Magyar does not dispute that his position as general foreman/supervisor meets elements two, three, and four. As to element one, both parties agree that Magyar was paid in excess of $455 per week during his tenure as general foreman/supervisor. Therefore, the only issue before the court is whether Magyar was paid on a salary basis.

An employee is considered to be paid on a salary basis if "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation." 29 CFR 541.602(a). That

predetermined amount may not be subject to reduction due to variations in the quality or quantity of work performed. Id. Hourly employees may be considered to be compensated on a salary basis as long as they are guaranteed a predetermined number of paid hours. Douglas v. Argo-Tech Corp., 113 F.3d 67, 71 (6th Cir. 1997). "Payment on an hourly basis without an operative salary guarantee does not qualify as a 'salary basis' within the meaning of the regulations." 2003 DOLWH LEXIS 3, 4-5 (DOLWH 2003).

With one exception, Magyar was paid for 40 hours per week every week he was a general foreman/supervisor. Davey Tree argues that it was made clear to Magyar that he would be guaranteed compensation for 40 hours per week, regardless of the number of hours he actually worked. Magyar denies that he was ever told of this guarantee. In support of its contention, Davey Tree points to Magyar's deposition testimony in which Magyar states that he ran personal errands during normal working hours and that his pay was never deducted for the time he spent running those errands. However, Davey Tree failed to show that Magyar worked less than 40 hours in any week during which he ran personal errands during working hours. If Magyar never worked less than 40 hours, there would be no reason for Davey Tree to deduct the hours he spent on personal errands from his straight time compensation. Magyar also alleges that he was not permitted to report hours he worked over 40. It is, therefore, possible to conclude that any time spent on personal errands should be deducted from the overtime compensation Magyar was due in those weeks.

Furthermore, Davey Tree cannot point to any week during which Magyar worked less than 40 hours but was still paid for 40 hours. During the week ending March 10, 2007,

Magyar reported that he worked only eight hours after taking four days off for personal reasons. The earning printout for that week reflects that Magyar was paid for only eight hours. Davey Tree claims that they made permissible deductions for this week under 29 C.F.R. §541.602(b)(1), which allows employers to make whole day deductions in pay if the days were taken for purely personal reasons. However, in viewing the facts in a light most favorable to the plaintiff, a reasonable fact finder could conclude that this week, rather than being a permissible deduction under the FLSA, could be evidence that Magyar was not paid on a salary basis.

Finally, when questioned during his deposition, Marvin Hassell, a regional manager at Davey Tree, stated that Magyar would be paid for the hours he reported working only. (Dkt. 33 at 30-31.) When asked what would happen if Magyar reported that he worked 35 hours, Hassell stated that Magyar would then be paid for 35 hours. Id. The inconsistency between Davey Tree's arguments and the deposition testimony of its own employee leaves a material factual dispute that should be left for a fact finder to decide. Accordingly, the Court cannot determine that the executive exemption applies to Magyar as a matter of law.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (Dkt. 27) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1181.MSJ27.frm