UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DON MAGYAR, | ) CASE NO. 8:08-CV-1181-T-30MAP |
| Plaintiff, | ) JUDGE JAMES S. MOODY, JR. |
| v. | ) |
| THE DAVEY TREE EXPERT COMPANY, | ) <u>JURY INTRUCTIONS</u> |
| Defendant. | ) |

## JURY INSTRUCTION NO. 1

### *General Introduction – Province of the Court and Jury*

MEMBERS OF THE JURY:

Now that you have heard all the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

I must be the only source for legal rules in this trial. By your oath, you agree that you will accept and apply my instructions about the rules of law. Jurors are not permitted to change the law. Nor are you permitted to use your own beliefs about what you think the law should be instead of the rules that I supply.

(Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are, of course, to be governed by the Court's instructions.)

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours. I have no authority to decide which witnesses you should believe, which exhibits are more important, or which version of a disputed event is true. Therefore, you should disregard any impression you may have about my view of the witnesses or the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

# JURY INSTRUCTION NO. 2

## *All Persons Equal Before the Law*

You must all realize the importance in our system of equality before the law. All parties come to this Court as equals in the sense of being entitled to the same benefits and being held to the same responsibilities under the law. The fact that The Davey Tree Expert Company is a corporation must not enter into or affect your deliberations. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

Nor are you permitted to take into account the financial status of the parties or their place of doing business. Those considerations are totally irrelevant to your role as fact finder. The parties are to be treated exactly the same under the law.

## JURY INSTRUCTION NO. 3

### *Evidence in the Case*

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

You may consider direct evidence, circumstantial evidence, or both.

Direct evidence is a witness's testimony about an event he or she observed, and exhibits which were part of that event or report it.

Circumstantial evidence uses direct evidence to infer or imply some other fact or conclusion reasonably. For example, if a witness testifies that he looked out a window and saw that the ground was wet, you may reasonably infer that it had rained, or you may conclude from other evidence that something else caused the ground to be wet. You may not rely solely on one inference to form another inference, because a reasonable inference must have some basis in direct evidence. However, you may draw more than one reasonable inference from the same facts or circumstances, and you may draw a reasonable inference from a combination of direct evidence and another inference.

The evidence does not include the lawyers' opening statements and closing arguments. The lawyers' opening statements and closing arguments may assist you by explaining what the lawyers claim they will show or what they claim they have shown, but they are not evidence.

The evidence does not include a lawyer's statement or question unless a witness agrees with it or uses it as part of an answer. In other words, the lawyers are not witnesses, so the answers are evidence but the questions are not.

When a lawyer objects to a question, the lawyer asks the judge to decide whether the law permits you to consider an answer to that question. If the judge sustains that objection, the judge rules that the law does not permit that question, so you should disregard it. Similarly, if the judge strikes anyone's statement or answer or instructs you to disregard it, then that statement or answer is not evidence and you must not consider it. You should not guess whether something a lawyer says or suggests in a question is true or what a witness would have answered.

On the other hand, if the judge overrules the objection, the judge rules that the witness may answer and you may give that answer whatever weight you decide is appropriate. You should not try to guess why the judge sustained or overruled an objection to any question. The judge must follow legal rules regarding permissible evidence and may not have an opportunity to explain those rulings.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consisted of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

# JURY INSTRUCTION NO. 4

## *Preponderance of the Evidence*

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof"

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence. But this rule does not require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If you can decide an issue either way reasonably, and you cannot decide which way is probably true, you cannot resort to guesswork or possibilities. In deciding whether a party proved a claim or a defense by the greater weight of the evidence, you should consider all the evidence regardless of who produced it.

# JURY INSTRUCTION NO. 5

## *Credibility of Witnesses – Discrepancies in Testimony*

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given. To weigh the evidence, you must consider the reliability and believability of the witnesses. You will apply the tests of truthfulness which you apply in your daily lives.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

JURY INSTRUCTION NO. 6

*Fair Labor Standards Act*
*29 U.S.C. § 201 et seq.*

This case arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half overtime pay. Mr. Magyar claims that Davey Tree did not pay him the overtime pay required by law. In order to prevail on this claim, Mr. Magyar must prove each of the following facts by a preponderance of the evidence:

First: That Mr. Magyar was employed by Davey Tree during the time period involved;

Second: That Mr. Magyar was an employee employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third: That Davey Tree failed to pay him the overtime required by law.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning these factual issues.

The parties have stipulated or agreed to the first and second facts - - that Magyar was employed by Davey Tree and that Mr. Magyar was employed by an enterprise engaged in commerce or in the production of goods for commerce -- and you should consider them as established.

The FLSA requires an employee to pay its employees at a rate of at least one and on-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time and a half pay for "overtime work."

The employee's regular rate during a particular week is the basis for calculating any overtime pay due to the employee for that week. The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime

9

rate then would be one and on-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

You must determine whether Davey Tree was required to pay Mr. Magyar overtime during his tenure as a general foreman under the FLSA.

## JURY INSTRUCTION NO. 7

*Fair Labor Standards Act – Executive Exemption*

Davey Tree claims that even if you should find that Mr. Magyar has proved all the necessary facts that must be proved to establish the claim, the overtime pay law does not apply because of an exemption from these requirements.

The particular exemption claimed by Davey Tree is the executive exemption. In order to receive the benefit of this exemption, Davey Tree has the burden of proving by a preponderance of the evidence that during the period of time Mr. Magyar was a general foreman, he was an employee:

(1) whose primary duty was management;

(2) who customarily and regularly directed the work of two or more other employees;

(3) who had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight; and

(4) who was compensated on a salary basis of at least $455 per week.

The parties have stipulated or agreed to the first three elements of the exemption - - that Mr. Magyar's primary duty was management, Mr. Magyar customarily and regularly directed the work of two or more other employees, and that Mr. Magyar had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement or promotion was given significant weight – and you should consider them established. Therefore, the only issue for you to determine is whether Davey Tree paid Mr. Magyar on a salary basis.

If you find that Mr. Magyar was paid on a salary basis, you must return a verdict for Davey Tree. If, however, you find that Davey Tree did not pay Mr. Magyar on salary basis, you must return a verdict for Mr. Magyar.

11

## JURY INSTRUCTION NO. 8

### *Fair Labor Standards Act – Salary Basis Definition*

An employee is considered to be paid on a salary basis if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation. Subject to a few exceptions that I will explain, that predetermined amount may not be subject to reduction due to variations in the quality or quantity of work performed.

Hourly employees may be considered paid on a salary basis under the FLSA if they are guaranteed a predetermined number of paid hours. More specifically, an employer may satisfy the salary basis test even though it chooses to pay salaried employees on an hourly basis if the employees are guaranteed a predetermined number of paid hours.

In this case, you must determine whether Davey Tree proved by a preponderance of the evidence that it guaranteed Mr. Magyar a predetermined number of paid hours. If you find that Davey Tree did guarantee Mr. Magyar a predetermined number of paid hours, you must then consider whether Davey Tree made proper deductions from Mr. Magyar's pay under the FLSA.

## JURY INSTRUCTION NO. 9

*Fair Labor Standards Act – Permissible Deductions*

An employee's salaried status may not be affected if his employer makes certain deductions from the employee's pay. Under the FLSA, an employer may deduct absences from an employee's pay if the employer proves it docks the employee in whole day increments and the employee was absent from the job for one or more full days for his own personal reasons. For example, if an employee is absent for two full days to handle personal affairs, the employee's salaried status will not be affected if the employer docks the employee's pay for two full days.

# JURY INSTRUCTION NO. 10

## *Effect of Instructions as to Damages*

I am now going to instruct you on damages for Plaintiff's claims. I want to make it clear that this explanation should not be considered as suggesting my view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, only in the event you should find in favor of Plaintiff on his age discrimination claim by preponderance of the evidence and in accordance with my other instructions.

I will give you written questions, called "special interrogatories," which will assist you in computing the amount of relief, if any, to award. The Court cautions you not to assume that, because space has been provided for an amount of damages, you must award any particular type of damages.

# JURY INSTRUCTION NO. 11

### *Damages*

If you find that Davey Tree was required to pay Mr. Magyar overtime for the period he was employed as a general foreman, the measure of Mr. Magyar's damages is the difference between what Mr. Magyar should have been paid and the amount that Mr. Magyar was actually paid.

Mr. Magyar is entitled to recover lost wages only for the period of time he did not receive overtime pay while he was employed as a general foreman/supervisor back to no more than two years before this lawsuit was filed on June 18, 2008, unless you find that Davey Tree willfully violated the FLSA, and then it would be three years. Davey Tree's actions may only be deemed willful if Mr. Magyar establishes by a preponderance of the evidence that Davey Tree knew its conduct was prohibited by the FLSA, or showed reckless disregard for whether its conduct was prohibited by the FLSA. Reckless disregard is only established if Mr. Magyar proves that Davey Tree failed to make adequate inquiry into whether its conduct was in compliance with the FLSA.

If you find that the Davey Tree's conduct was willful, Mr. Magyar is entitled to recover lost wages back to the time he started in the general foreman/supervisor position in January 2006. If, however, you find that Davey Tree did not know that it was violating the statute or acted in good faith in attempting to comply with the statute, its conduct was not willful, and Mr. Magyar is only entitled to recover lost wages from June 18, 2006 until June 18, 2008.

## JURY INSTRUCTION NO. 12

### *Verdict – Duty To Deliberate*

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

# JURY INSTRUCTION NO. 13

## *Election of Foreperson – Special Interrogatories*

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson in Court. A form of special interrogatories has been prepared for your convenience. You will take this form to the jury room.

*[Form of special interrogatory read.]*

You will note that each of the interrogatories or questions calls for a "yes" or "no" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question. As you will note from the wording of the questions, it may not be necessary to consider or answer a subsequent question if your answer to a previous question is "no." Specific directions are provided at the end of each separate interrogatory.